1
2
3

Marc S. Bragg, Esq. SBN: 187859
415 Laurel St., PMB 214
San Diego, CA., 92101
Telephone: 858 585 6909
eMail: braggoffices@gmail.com

4

5

6

7

8

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

9

10

In re: Carlos Lopez

Dkt. No.: 22-00357-MM13

*Assigned for all purposes to: Hon. Margaret Mann*

11

Department: 1; Room: 218

12

DEBTOR CARLOS LOPEZ MOTION FOR
APPROVAL OF SETTLEMENT PURUSANT TO
Fed. Bankr. Rule 9019

13

14

15

Hearing Date & Time: June, 21, 2022 at 2:00 p.m.

16

17

18

19

NOW COMES, CARLOS LOPEZ ("Debtor") by and through counsel of

20

record to move the Court (the "Motion") pursuant to Rule 9019 of the Federal

21

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to request an Order

22

approving Debtor's participation in a settlement agreement (the "Settlement

23

Agreement" – Attached in Exhibit "1") between Debtor, Debtor Coast 2 Coast

Foods Inc., (So. Dist. Bankr. Ct. Dkt. No.: 21-02210-CL7), Creditors Pico Rivera Capital, LLC, Pico Rivera Holdings LVT, LLC, Pico Rivera Holdings PH, LLC, Pico Rivera Holdings H & K, LLC dba Pico Rivera Marketplace ("Pico") and Madison Wraith, LLC, Optimus Properties, LLC, Optimus Property Management, LLC, and Joseph Shabani ("Related Parties") for final settlement of all claims against Debtor. In support of the Motion, Debtors provides information as follows:

Debtor is not required to provide any funds, and will not be providing any funds towards the Settlement sought to be approved; rather,  the other two guarantors on the Guaranty giving rise to the Settlement of Pico's claims will pay all monies required by the settlement. [Declaration of Marc S. Bragg @ ¶3].

The settlement is beneficial to the Debtor and the bankruptcy estate by eliminating the largest general unsecured creditor.

Debtor anticipates this Motion will be unopposed. If Granted, Debtor's pending 11 USC 502(b)(6) Motion also set for hearing on June 21, 2022 [ROA# 23] should be deemed moot and withdrawn, and the hearing date [ROA#40] vacated.

## **JURISDICTION**

Debtors' Motion for Order Approving Settlement Agreement with Pico Rivera Captial, LLC et al. - 2

1.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

2.     The bases for relief requested herein are §§ 105(a) and 553 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Bankruptcy Rule 9019.

## BACKGROUND

3.     On February 15, 2022, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

4.     Prior to Debtor's bankruptcy filing, Pico had filed suit against Debtor on October 16, 2020 in the matter of *Pico Rivera Capital, et al. v. Carlos Lopez, et al*., filed in the Los Angeles County Superior Court at Dkt. No. 20STCV39729 for his breach of a written Guaranty to a commercial Lease in which Debtor Coast 2 Coast was the tenant and Pico was the landlord ("State Action") seeking damages in excess of $1,000,000.00. [Exhibit "2" – Pico's Amended Complaint attaching a copy of the Guaranty].

5.     The State Action is still in the pleading stage with demurrers pending to amended pleadings by the parties. The State Action is currently stayed as to Debtor. [Bragg Decl. @ ¶¶4-6].

6.    Debtor filed a cross-complaint against Pico and Related Parties seeking Declaratory Relief on the Guaranty, and alleging causes of action for fraud, misrepresentation, and breach of the implied covenant of good faith and fair dealing. [Bragg Decl. @ ¶¶4-6].

7.    Had Debtor been successful on his cross-complaint, Debtor's cross-claims would have worked to offset any liability Debtor may have incurred as a result of his Guaranty on the commercial Lease. [Bragg Decl. @ ¶¶4-6, 8].

8.    Debtor listed Pico's claims as unsecured, contingent, unliquidated and disputed, in his Schedule E/F Part 2, 4.7, pg. 4 of 6 with this Court in the amount of $350,000.00.

9.    While Pico did not file a Proof of Claim in Debtor's estate, Pico's Proof of Claim in the Coast Bankruptcy sought a total amount in excess of $655,000 subject to amendment. [POC #2 @ Dkt. No.: 21-02210-CL7].

10.    On April 4, 2022, Debtor filed a Motion to Cap his liability on the Guaranty pursuant to 11 U.S.C. §502(b)(6). [ROA#23].

11.    Hearing on the CAP Motion was originally scheduled for May 17, 2022 in this Court, and by joint stipulation, continued by the Court to June 21, 2022, [ROA #40], previously scheduled for June 28, 2022 [ROA #34].

12.    The Proof of Claim Bar date in this case was April 26, 2022, and Pico did not file a Proof of Claim in Debtor's bankruptcy proceeding.

1

2

13.     Upon the Court's approval of this Motion, Debtor will withdraw the CAP Motion and ask the Court to vacate the June 21, 2022 hearing date.

3

4

5

6

14.     On May 9, 2022, Debtor, Coast 2 Coast, Pico and Related Parties executed the Settlement Agreement in Exhibit "1" and resolved to settle all their claims per its terms, one condition being this Court's approval of Debtor's participation in the settlement. [Bragg Decl. @ ¶7].

7

8

9

10

15.     Had the settlement agreement not been reached, Debtor did not have the funds or resources to continue to pursue his cross-claims in the State Action. [Bragg Decl. @ ¶8].

11

## RELIEF REQUESTED

12

13

14

15

16

16.     By this Motion, the Debtor seeks an order of this Court approving his participation in the Settlement Agreement including the dismissal of his cross-claims in the State Action as the Debtor believes that the Settlement Agreement is fair and equitable and in the best interest of his estate.

17

## ARGUMENT

18

19

20

21

22

23

17.     After notice and hearing, the Court may approve a compromise of settlement pursuant to Bankruptcy Rule 9019.  The approval of a settlement by the Bankruptcy Court is within the full discretion of the Court and requires only a sufficient factual record upon which the Court may make an informed and independent judgment.  *Protective Committee for Independent Stockholders of*

*TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).  The Bankruptcy Court has great discretion in approving compromising agreements and the standard is whether the settlement is fair and equitable.  *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988).  It is well established that the law favors compromise in bankruptcy cases. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976).  The court has discretion as to the weight to be given each factor; it need not weigh them equally.  Thus, any one factor may have weight in isolation that justifies the settlement. *See In re WCI Cable, Inc*., 282 B.R. 457, 472-73 (Bankr. D. Or. 2002).

18.    A settlement should be approved if it is fair and equitable – the court need not determine the merits of the claims to be compromised, but merely whether the settlement entered into was reasonable, given the particular circumstances of the case. *Neiman v. Stein*, 464 F.2d 689, 693 (2nd Cir. 1972).  The Court's responsibility is not to decide the numerous issues of fact and law, but merely to decide whether the settlement falls within a reasonable range. Id. In the Ninth Circuit, the Court should consider the following factors when evaluating the fairness and equity of the settlement: (a) the probability of success in litigation; (b) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (c) the difficulty, if any, to be encountered in the matter of collection; and (d) the paramount interest of the

creditors and a proper defense to their reasonable views. *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986).

A.    The Probability of Success in Litigation

19.    All parties in the State Action dispute the validity of the other party's claims and defenses; however, because Debtor would have been financially unable to prosecute his cross-claims, and Pico may have had a strong likelihood of success on the Guaranty and entitled to some measure of damages, the fact that Debtor is not contributing any funds to the settlement results in a net benefit to Debtor. In all events, there remained a great deal of uncertainty on the probability of Debtors' success in "litigation," specifically completely invalidating the Guaranty to the commercial Lease.

20.    Here, the Settlement Agreement resolves a substantial potential claim against the Debtor the their bankruptcy estate as there will be no need to consider it as part of his Plan.

B.    The Complexity, Inconvenience and Expense of Litigation

21.    The second A&C factor, the complexity, expense, inconvenience, as well as delay of litigation, weighs in favor of a compromise. While the State Action is currently stayed as to Debtor, it is continuing as to the other Guarantors. And there is a strong possibility that Pico would seek relief to continue the State Action as to Debtor if the settlement was not reached. As stated above, Debtor

does not have the resources to defend the State Action or prosecute his cross-claims and so the settlement is a benefit to Debtor as well as Debtor's other creditors because it ensures Debtor will not have to include any payment to Pico in his Chapter 13 Plan.

22.     In the event that Debtor is unsuccessful in completing his Chapter 13 plan and the matter does not settle, Debtor would potentially be obligated to pay more than he is obligated by the settlement were Pico to receive relief from the Stay and pursue the State Action to proceed to judgment.

C.     <u>Settlement Agreement is in the Best Interest of Debtor and Creditors</u>

23.     Settling the matter removes all possible contingencies to Debtor's potential liability to any claims by Pico. Accordingly, the Settlement Agreement is a fair and equitable deal for all parties because it removes the largest single unsecured creditor from the estate so that they receive more than they would were Pico's claims to be part of Debtor's Plan.

## <u>CONCLUSION</u>

24.     The fundamental principles of the Bankruptcy Code encourage compromise and settlement among the parties.  Therefore, the interests of the Debtors and all interested parties are best served by the Court's approval of Debtor's participation in the Settlement Agreement.

WHERFORE, based upon the foregoing, the Debtor respectfully requests that this Court grant his Motion and enter an Order approving his participation in the Settlement Agreement and vacate the Court's June 21, 2022 hearing on Debtor's CAP Motion.

Dated: May 12, 2022                           Respectfully Submitted,

                                              /s/Marc S. Bragg
                                              Marc S. Bragg, Esq.
                                              Attorney for Debtors

DocuSign Envelope ID: E99B4075-31F8-4C00-B2D6-ACE0EB350D00

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS AGREEMENT ("Agreement") is made as of April 25, 2022 by and between Pico Rivera Capital, LLC, a California Limited Liability Company, Pico Rivera Holdings LVT, LLC, a California Limited Liability Company, Pico Rivera Holdings Ph, LLC, a California Limited Liability Company, Pico Rivera Holdings H & K, LLC, a California Limited Liability Company, as Tenants in Common dba Pico Rivera Marketplace (collectively "PICO"), Madison Wraith, LLC ("MADISON"), Optimus Properties, LLC ("OP"), Optimus Property Management, LLC ("OPM") and K. Joseph Shabani ("SHABANI") on the one hand and Coast 2 Coast Foods, Inc. a California Corporation dba Bakers Bodega ("COAST") Leopoldo Lopez, Jr., Leopoldo Lopez III (the "GUARANTORS") and Carlos Lopez ("LOPEZ") on the other.

As used herein, PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ are collectively referred to herein as the "Parties" or individually, as a "Party."

The Agreement is entered into with reference to the following facts:

A.     PICO, as Landlords, and COAST were parties to a written lease agreement dated May 23, 2018 ("Lease") for the commercial real property located at 8921 Washington Boulevard Pico Rivera, California 90660 ("Property"). COAST's obligations under the lease agreement were guaranteed by the GUARANTORS and LOPEZ pursuant to a written Guaranty dated June 6, 2018 ("Guaranty"). COAST vacated the Property and closed its business and returned the keys to PICO's agent prior to the date the lease expired. PICO objected to COAST vacating and abandoning the Property.

B.     On October 16, 2020, PICO filed a lawsuit against GUARANTORS and LOPEZ alleging breach of contract (breach of commercial guaranty) on the Guaranty. The lawsuit is assigned Los Angeles Superior Court case number 20STCV39727 and is referred to herein as the "Litigation."

C.     On December 21, 2020, GUARANTORS and LOPEZ filed a cross-complaint in the Litigation (later amended) naming PICO, MADISON, OP, OPM, SHABANI as Cross-Defendants alleging various claims.

D.     On April 26, 2021, COAST'S motion to intervene in the Litigation was granted and a complaint in intervention was filed by COAST against PICO, MADISON, OP, OPM and SHABANI on May 3, 2021.

E.     On May 28, 2021, COAST filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code and assigned case number of 21-02210-7. Leonard J. Ackerman is the duly appointed and permanent chapter 7 trustee and is hereinafter referred to as the "Bankruptcy Trustee."

F.      On September 20, 2021, the United States Bankruptcy Court granted PICO'S motion for relief from stay as to GUARANTORS and LOPEZ for the reasons set forth in the Order For Relief from Automatic Stay dated September 20, 2021.

G.      On November, 29, 2021, PICO filed its Proof of Claim No. 2 in the COAST bankruptcy proceedings under case number 21-022100-7-CL seeking damages pursuant to the Lease.

H.      On January 10, 2022, PICO'S motion for leave to amend expanding its claims against GUARANTORS and LOPEZ in the Litigation was granted and a first amended complaint was filed on January 14, 2022.

I.      On February 3, 2022, GUARANTORS and LOPEZ demurred to PICO's amended complaint contending, among other things, that the State Court lacked jurisdiction over PICO's claims as a result of PICO filing its Proof of Claim No. 2 in the Coast bankruptcy proceedings, a contention which PICO disputes.  Said Demurrer has yet to be fully briefed, argued and heard.

J.      On several occasions prior to execution of this Agreement, Shabani asserted he would sue all Guarantors and their attorneys for malicious prosecution claims in connection with naming him as a party in the Litigation.

K.      On February 15, 2022, LOPEZ filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code and assigned case number of 22-00357-13.  No proof of claim has been filed by PICO in said proceeding.

L.      This Settlement Agreement and Release affects the compromise and settlement of all claims between the parties, and all of which claims are denied and contested, and nothing contained herein shall be construed as an admission by the Parties of liability, all such liability being expressly denied.

        NOW, THEREFORE, for valuable consideration, the Parties, in the interest of buying their peace and in order to resolve all matters concerning the Litigation and the Proof of Claim No. 2 in the Coast Bankruptcy Proceeding, hereby agree as follows:

1.      Incorporation of Recitals:

        The Recitals set forth hereinabove are incorporated herein by their references as though set forth hereat.

2.      Settlement Payment/Dismissal and Additional Executory Conditions:

        A.      The Parties shall execute and exchange copies of this Agreement, however, same shall be held in trust pending complete satisfaction of all conditions precedent to its implementation;

DocuSign Envelope ID: E99B4075-31F8-4C00-B2D6-ACE0EB350D00

B.     Upon the Parties execution of this Agreement, the respective counsel for all Parties named in the Litigation shall agree to continue the pending notices of deposition for no less than thirty (30) days.

C.     The Parties' counsel shall prepare and jointly execute a request for dismissal upon execution of this Agreement with prejudice of the entire Litigation in the State Court as to all parties on all claims, complaints, amended complaint, cross-complaints, amended cross-complaints, and complaints in intervention as amended to be signed, held by Coast counsel Marc Bragg and not filed, pending full compliance with the conditions set forth in Paragraph 2(D)(i)-(iii). Upon receipt of the executed request for dismissal with prejudice, COAST's counsel shall deliver a copy of the fully executed dismissal to the Bankruptcy Trustee.

D.     GUARANTORS agree to and shall pay PICO the total sum of $300,000.00 less credit for a security deposit of $41,340.00 currently held by PICO pursuant to the Lease between the Parties. The net sum of Two Hundred Fifty-Eight Thousand Six Hundred Sixty Dollars ($258,660.00) (the "Net Settlement Sum") shall be wired to the attorney client trust account of PICO's counsel Barak Isaacs, Esq within five (5) business days after approval by entry of a final order in the Bankruptcy Court, or as a matter of law pursuant to applicable rules of Bankruptcy Procedure, or those of the Southern District of California of a "Notice of Abandonment" pursuant to 11 U.S.C. §554(a) and B.R. 6007(a) to be filed and served by the Bankruptcy Trustee, as to the following assets, claims or interests in the COAST bankruptcy proceeding:

> i.     The Security Deposit currently held by PICO pursuant to the Lease between PICO and COAST;

> ii.     Any right, title, claim or interest in the cross-complaint in the Litigation (later amended) naming PICO, MADISON, OP, OPM, SHABANI as Cross-Defendants alleging various claims;

> iii.     Any further claims against the GUARANTORS and LOPEZ.

Counsel for GUARANTORS will warrant that the Net Settlement Sum has been deposited with their counsel upon all Parties' execution of this Agreement, and GUARANTORS' counsel warrant that the Net Settlement Sum has been received and shall be held in trust on the date received into the attorney trust account for disbursement as set forth in this Agreement.

E.     LOPEZ shall file and the bankruptcy court shall approve a Motion pursuant to Bankruptcy Rule 9019 approving this Agreement. LOPEZ, through his counsel, shall file the motion within ten (10) days of execution of this Agreement and obtain the first available date for the hearing on said motion. Counsel for LOPEZ shall withdraw the pending motion to CAP liability on the Guaranty immediately after the

3

Court approves the Rule 9019 Motion and shall include notice of intent of that withdrawal in the Motion.

     F.    Conditioned upon compliance with all executory conditions to this Agreement's implementation, COAST'S counsel Marc Bragg shall then file the dismissal with prejudice of the entire Litigation in the Superior Court, but then, only upon PICO's counsel's confirmation by electronic mail that the Net Settlement Sum has also been received and credited to the attorney client trust account of Barak Isaacs, Esq.

     G.    Subject to compliance with the conditions set forth in Paragraph 2(D), then upon PICO's receipt of the Net Settlement Sum, PICO shall file a withdrawal of its Proof of Claim filed in the COAST bankruptcy case.

3.    <u>PICO's Retention of Security Deposit</u>

     PICO shall be entitled to retain in full, without credit or offset except as limited in section 2(D) and subject to compliance with Paragraph 2(C) above as an offset to the total settlement amount of $300,000.00 due from GUARANTORS, the entirety of COAST'S security deposit of Forty-One Thousand Three Hundred Forty Dollars ($41,340.00). The Parties acknowledge that pursuant to paragraph 5 of the Lease for the Property, the Lessor, as defined in the Lease, has a present, perfected security interest in the Security Deposit for purpose of this Settlement Agreement.

4.    <u>Agreement to Forego Objection to PICO claim</u>:

     COAST, the GUARANTORS AND LOPEZ all jointly and severally agree that they will not file an objection to the PICO proof of claim in the COAST bankruptcy proceeding, acknowledging that the withdrawal of said claim is a condition to this Agreement, Said Claim will be withdrawn upon all parties' execution and exchange of this Agreement, and the withdrawal is a condition precedent to GUARANTORS' obligation to make the payments described in 1.D. above as is the bankruptcy trustee's abandonment of assets as described also in Paragraph 2(D).

5.    <u>Letter of Apology</u>

     Concurrently with the execution of this Agreement by all Parties, Marc S. Bragg, Esq., GUARANTORS and LOPEZ shall prepare and each sign a Letter of Apology (to be delivered to PICO's counsel) containing the following language:

"This letter shall serve to confirm that Marc. S. Bragg, Esq., Leopoldo Lopez, Jr., Leopoldo Lopez and Carlos Lopez III hereby apologize to Mr. K. Joseph Shabani for erroneously naming him in the matter captioned PICO Rivera Capital, LLC, a California Limited Liability Company et al v. Leopoldo Lopez, Jr. case number 20STCV39727. The matter was primarily a Landlord\Tenant dispute and should have never included Mr. Shabani. All current and potential future claims of all kinds including those for malicious prosecution that Mr. Shabani stated he would pursue in the future, have been resolved to

DocuSign Envelope ID: E99B4075-31F8-4C06-B2D6-ACE0EB350B00

his satisfaction and he has knowingly and voluntarily waived all such claims upon his execution of the Settlement Agreement" and performance in full by all Parties hereto, as well as the satisfaction of all conditions precedent to its implementation.

The original signed Letter of Apology shall be held by Marc S. Bragg, Esq., and delivered to Barak Isaacs, Esq., via overnight mail upon the satisfaction of all conditions set forth in this Settlement Agreement. The Parties agree that the Letter of Apology is expressly excluded from the confidentiality provisions set forth in paragraph 14 herein. The Parties agree that the Letter of Apology shall not be used in connection with any administrative, governmental, or legal proceeding of any kind nor shall it be offered as evidence or an admission of any kind by any party in any administrative, governmental, or legal proceeding. Its sole purpose is to buy the parties' peace in this Settlement, avoid further litigation and appeals related to any orders in the Litigation, and more specifically, to affirm to Mr. Shabani that no parties in the Litigation intentionally or negligently intended him any harm or injury. LOPEZ, for good and valuable consideration, receipt of which is expressly acknowledged, agrees and acknowledges that by his execution of said Letter it shall in no way be deemed by him to be a violation by PICO of 11 U.S.C. 362(a) (1) etc. seq., shall not move for an order for violation of the automatic stay in connection with the Apology Letter, and is a purely voluntary act on LOPEZ part. Further, LOPEZ warrants that he has been advised of the express right to seek counsel with respect to this provision and agrees to same without reservation for purposes of and pursuant to the terms of this Settlement Agreement.

6.    Attorney Fees:

Subject to paragraph 17 herein, the Parties hereto agree to bear their own attorney fees and costs associated hereto, and hereby waive any statute, rule of court, law, or contract provision or order awarding costs, fees, expenses or disbursements in connection with the Litigation and the Bankruptcy proceedings.

7.    Revivor of Claim/Future Bankruptcy Proceedings:

A.    The provisions of this Agreement notwithstanding, in the event GUARANTORS become debtors as that term is defined in 11 U.S.C. §101(13) pursuant to an action initiated under 11 U.S.C. §301 or 303 of Title 11 of U.S. Code within 90 days (or one year should either GUARANTORS be determined to be an insider of Coast 2 Coast, Inc. as that term is defined at 11 U.S.C. §101(31)) from the date of the honoring of any payment provided for hereunder), and further, if PICO is thereafter timely named as a defendant in any action brought under 11 U.S.C. § 547, et al., and is required to turn over the payment(s) made pursuant to this AGREEMENT, then the entire claim of PICO as set forth in the First Amended Complaint referenced above shall be revived for purposes of participation, if applicable, in the insolvency proceedings of said GUARANTORS less credit for any and all amounts retained by Creditor / PICO notwithstanding said insolvency proceedings.

DocuSign Envelope ID: E99B4075-31F8-4C00-B2D6-ACE0EB350D00

    B.    The provisions of this Agreement notwithstanding, in the event either of the GUARANTORS become a debtor as that term is defined in 11 U.S.C. §101(13) pursuant to an action initiated under 11 U.S.C. §301 or 303 of Title 11 of U.S. Code, and further, if PICO is thereafter timely named as a defendant in any action brought under, but not limited to 11 U.S.C. §544, et al., of Title 11 of U.S. Code and is thereafter required to turn over any payment(s) made pursuant to this Agreement, then the entire claim of PICO shall be revived for purposes of participation, if applicable, in the insolvency proceedings referenced hereinabove less credit for any and all amounts retained by Creditor notwithstanding said insolvency proceedings

    C.    Nothing contained within this Agreement should be construed as limiting in any way, PICO's right to pursue relief under any other provision of the bankruptcy code including, but not limited to 11 U.S.C. §§523 (a)(2), (4) or (6) or 11 U.S.C. §727, which provisions and the effect thereof, GUARANTORS acknowledge and adopt as applicable without reservation as an exclusion from any release provisions herein in the event of a bankruptcy filing by any GUARANTOR other than LOPEZ in which PICO is named as a creditor. .

8.    <u>Revivor of Claim Re: Void and Voidable Transfers and Undertakings:</u>

    The provisions of this Agreement notwithstanding, including, but not limited to, the dismissal of the entire Litigation with prejudice, in the event PICO, MADISON, OP, OPM or SHABANI are named as a defendant in an action brought to recover a fraudulent conveyance of any payment made pursuant to this Agreement, as that term is defined in California *Civil Code* Section 3439, et. al, and if PICO is thereafter required to turn over the payment[s] made pursuant to this Agreement to any plaintiff in said action[s], then the entire claim of PICO as agreed to herein shall be revived, however, then and only to the extent of the payment actually made by PICO pursuant to said action, together with any other amounts which might remain due under this Agreement.

9.    <u>Miscellaneous Additional Provision for Revivor of Claim:</u>

    The provisions of this Agreement notwithstanding, including, but not limited to, the dismissal of the entire Litigation with prejudice, in the event PICO, MADISON, OP, OPM or SHABANI are named as a defendant in an action brought to recover any payment made under this Agreement under California *Code of Civil Procedure* Sections 493.010-493.060 and if PICO is thereafter required to turn over the payment[s] made pursuant to this Agreement to any plaintiff in said action[s], then the entire claim of PICO as agreed to herein shall be revived, however, then and only to the extent of the payment actually made by Creditor pursuant to said action, together with any other amounts which might remain due under this Agreement.

DocuSign Envelope ID: E99B4075-31F8-4C00-B2D6-ACE0EB330D00

10.    General Release:

Subject to the rights, obligations and other executory provisions arising out of or required by this Release, and in consideration of this Agreement, PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ hereby generally relieve, release, and forever discharge each other and each of their respective present and former agents, shareholders, partners, agents, employees, officers, directors, partners, associates, principals, representatives, attorneys, affiliated and subsidiary companies and entities, and any of their predecessors or successors, and all persons acting by, through, under, or in concert with, any of them from any and all claims, debts, liabilities, demands, judgments, accounts, obligations, promises, acts, releases, costs, expenses (including but not limited to attorneys' fees), damages, actions and causes of action of any kind or nature, including but not limited to personal injury, of any type or kind, both as to themselves and their children, whether known or unknown, suspected or unsuspected ("Claims") based on, arising out of, relating to or in connection with anything whatsoever done, omitted or suffered to be done at any time in connection with the Litigation, the Lease, the tenancy, occupancy, and/or abandonment of the Property, and the Guaranty.

11.    Full Waiver Under California Civil Code Section 1542:

Subject to full compliance with all conditions, rights and obligations arising out of this Agreement, and in consideration of this Agreement and other good and valuation consideration as specified hereinabove PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ understand, agree and do hereby waive any and all rights it/they may have under California Civil Code Section 1542. PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ ACKNOWLEDGE THAT THEY HAVE BEEN ADVISED BY LEGAL COUNSEL AND ARE FAMILIAR WITH THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542 INCLUDING ANY CLAIMS WHICH MIGHT HAVE OTHEWISE ARISEN OUT OF OR WERE RELIED UPON ON THE LETTER OF APOLOGY OR STATEMENTS MADE THEREIN, WHICH PROVIDES AS FOLLOWS:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ EXPRESSLY WAIVE AND RELINQUISH ANY AND ALL RIGHTS OR BENEFITS THEY MAY HAVE UNDER, OR WHICH MAY BE CONFERRED UPON THEM BY, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542 TO THE FULLEST EXTENT THAT THEY MAY LAWFULLY WAIVE SUCH RIGHTS OR BENEFITS PERTAINING TO THE SUBJECT MATTER OF THIS RELEASE. In connection with this waiver and relinquishment, PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ hereto acknowledge that they/it

DocuSign Envelope ID: E99B4075-31F8-4C00-B2D6-ACE0EB350D00

are aware that they may subsequently discover claims presently unknown or unsuspected, may have claims that have not yet been asserted in any legal or quasi-legal proceeding, or facts in addition to or different from those which they now know or believe to be true, with respect to the matters released herein as same relate to the Litigation  Nevertheless, it is their intention, and they do in fact, through this Agreement and Release, fully, and forever settle and release all such matters, and all claims relative thereto, known or unknown, suspected or unsuspected, which do now exist, as to the released matters.

12.    Execution of Additional Documents:

PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ hereby covenant and agree forthwith to execute and/or forthwith deliver such additional documents and do all such acts or things as may be reasonably necessary or requisite to carry out the full intent and meaning of this Agreement.

13.    Representations and Warranties:

PICO, MADISON, OP, OPM, SHABANI, COAST, GUARANTORS, and LOPEZ represent and warrant as follows:

(a)    They have carefully read and reviewed this Agreement and understand it fully;

(b)    They have each received independent legal advice about the advisability of making this Agreement;

(c)    This Agreement is the result of arms' length negotiation between the Parties;

(d)    They/It have made such investigation of the facts relating to this Agreement, and of all matters pertaining thereto, as they deem necessary. In making this Agreement, the Parties assume the risk of any misrepresentation, concealment, or mistake. If the Parties later discover that any fact relied upon in making this Agreement was untrue, or that any fact was concealed, or that any of their understandings of any fact or of the law were incorrect, the Parties shall not be entitled to set aside this Agreement by reason thereof. This Agreement is intended to be final and binding regardless of any claims of misrepresentation, or promise made without the intention of performing it, concealment of fact, mistake of fact or law, or any other circumstance; and

(e)    This Agreement may be executed in counterparts and signatures by facsimile/electronic mail shall have the same force and effect as if original.

8

DocuSign Envelope ID: E99B4075-31F8-4C00-B2D6-ACE0EB350D00

14.    Confidentiality:

PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ hereby state, represent, warrant and agree that the terms and conditions of this Agreement and each and every document and communication regarding this Agreement, including, but not limited to, the fact of and the amount of the payment required herein, are strictly confidential. PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ agree that they will neither seek nor promote publicly nor cooperate in any efforts to promote or publicize any of the terms or conditions of this Agreement, including, but not limited to, the fact of and the amount of the payment herein.

Notwithstanding the foregoing, PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ may communicate the terms of this Agreement if compelled by subpoena or as otherwise required by law. PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ may also communicate the terms of this Agreement to legal counsel, tax advisors, accountants, and structured settlement officers, to the extent necessary for the discharge of their duties, provided that the PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ first advise them of the confidentiality of this Agreement and secure their agreement not to communicate, discuss, disclose, disseminate or publish the terms and conditions of this Agreement. Communication of this Agreement to the chapter 7 trustee in the Coast bankruptcy or the Chapter 13 trustee in the LOPEZ bankruptcy shall not constitute a violation of this Agreement.

15.    Non-Disparagement:

The Parties agree that they will not make any statements to a third party that in any manner reflects negatively on the other party, or its respective officers, directors, members, managers or employees, or in any manner derogates the reputation of the other party, or its respective officers, directors, members, managers or employees.

16.    Restriction on Use of Agreement in Litigation:

This Agreement may not be used in evidence in any proceedings of any kind, except in an action alleging a breach of this Agreement. The parties expressly agree to waive the provisions of California Evidence Code 1152 solely to the extent necessary to render this Agreement admissible in a proceeding to enforce the provisions hereof.

17.    Court's Retention of Jurisdiction:

The Agreement is subject to California Code of Civil Procedure section 664.6. In the event any action or other proceeding against another party for the enforcement of, or seek a declaration as to, any provision of this Agreement is brought, the prevailing party in said action or proceeding shall be entitled to an award of reasonable attorneys' fees and costs.

DocuSign Envelope ID: E99B4075-31F8-4C00-B2D6-ACE0EB350D00

18.   Integration:

This Agreement constitutes a single integrated written Agreement expressing the entire Agreement relative to the subject matter hereof. All prior discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement.

19.   Joint Negotiation:

This Agreement has been jointly negotiated. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any party, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or such party's attorneys.

20.   Severability:

The Parties hereto covenant and agree that in the event that any provision of this Agreement should be held by a court of competent jurisdiction to be void, voidable, illegal or unenforceable in any respect, the remaining portions thereof and provisions hereof shall nevertheless remain in full force and effect as if such void, voidable or unenforceable provision had never been contained herein.

21.   Governing Law:

This Agreement shall be construed in accordance with, and governed by, the laws of the State of California except to the extent otherwise superseded by the provisions of chapter 7 of Title 11 of U.S. Code.

IN WITNESS THEREOF, THE PARTIES HAVE EACH APPROVED, AND EXECUTED THIS RELEASE effective as of the date set forth hereinabove.

Dated: 5/6/2022 _____

DocuSigned by:

*k. Joseph Shabani*

Pico Rivera Capital, LLC, a California Limited Liability Company
By:
Its:

Dated: 5/6/2022 _____

DocuSigned by:

*k. Joseph Shabani*

Pico Rivera Holdings LVT, LLC, a California Limited Liability Company
By:
Its:

10

DocuSign Envelope ID: E99B4075-31F8-4C00-B2D6-ACE0EB350D00

Dated: 5/6/2022

*K. Joseph Shabani*
PICO Rivera Holdings Ph, LLC, a
California Limited Liability Company
By:
Its:

Dated: 5/6/2022

*K. Joseph Shabani*
PICO Rivera Holdings H & K, LLC, a
California Limited Liability Company
By:
Its:

Dated: 5/6/2022

*K. Joseph Shabani*
Madison Wraith, LLC
By:
Its:

Dated: 5/6/2022

*K. Joseph Shabani*
Optimus Properties, LLC
By:
Its:

Dated: 5/6/2022

*K. Joseph Shabani*
Optimus Property Management, LLC
By:
Its:

Dated: 5/6/2022

*K. Joseph Shabani*
K. Joseph Shabani

Dated: _____

Coast 2 Coast Foods, Inc. a California
Corporation dba Bakers Bodega
By:
Its:

11

Dated: _____

_____
PICO Rivera Holdings Ph, LLC, a
California Limited Liability Company
By:
Its:

Dated: _____

_____
PICO Rivera Holdings H & K, LLC, a
California Limited Liability Company
By:
Its:

Dated: _____

_____
Madison Wraith, LLC
By:
Its:

Dated: _____

_____
Optimus Properties, LLC
By:
Its:

Dated: _____

_____
Optimus Property Management, LLC
By:
Its:

Dated: _____

_____
K. Joseph Shabani

Dated: 05-09-22

_____
Coast 2 Coast Foods, Inc. a California
Corporation dba Bakers Bodega
By:  Leopoldo Lopez, III
Its:  President

11

Dated: _____

                              _____
                              Coast 2 Coast Foods, Inc. a California
                              Corporation dba Bakers Bodega
                              By:  Deepalie Millie Joshi
                              Its: Attorney

Dated: 05.09-22

                              _____
                              Leopoldo Lopez, Jr.

Dated: 5-9-2

                              _____
                              Leopoldo Lopez, III

Dated: 5/9/22

                              _____
                              Carlos Lopez

APPROVED OF AS TO FORM:

_____
Barak Isaacs, Esq.
Attorney for PICO, MADISON, OP, OPM and SHABANI

_____
Marc S. Bragg, Esq.
Attorney for COAST, GUARANTORS and LOPEZ

_____
Deepalie Millie Joshi, Esq.
Attorney for COAST

12

Dated: _____

                      _____
                      Coast 2 Coast Foods, Inc. a California
                      Corporation dba Bakers Bodega
                      By:  Deepalie Millie Joshi
                      Its: Attorney

Dated: _____

                      _____
                      Leopoldo Lopez, Jr.

Dated: _____

                      _____
                      Leopoldo Lopez, III

Dated: _____

                      _____
                      Carlos Lopez

APPROVED OF AS TO FORM:

_____
Barak Isaacs, Esq.
Attorney for PICO, MADISON, OP, OPM and SHABANI

_____
Marc S. Bragg, Esq.
Attorney for COAST, GUARANTORS and LOPEZ

_____
Deepalie Millie Joshi, Esq.
Attorney for COAST

Dated: __May 9, 2022__

_Deepali Milie Joshi_
_____
Coast 2 Coast Foods, Inc. a California
Corporation dba Bakers Bodega
By: Deepalie Milie Joshi
Its: Attorney


Dated: _____

_____
Leopoldo Lopez, Jr.


Dated: _____

_____
Leopoldo Lopez, III


Dated: _____

_____
Carlos Lopez


APPROVED OF AS TO FORM:

_____
Barak Isaacs, Esq.
Attorney for PICO, MADISON, OP, OPM and SHABANI

 /s/Marc S. Bragg_____ ___
Marc S. Bragg, Esq.
Attorney for COAST, GUARANTORS and LOPEZ

_Deepalie Milie Joshi_
_____
Deepalie Milie Joshi, Esq.
Attorney for COAST

**Law Offices of Barak Isaacs**
Barak Isaacs SB#196916
30423 Canwood Street #118
Agoura Hills, California 91301
Telephone: (818) 344-4175 Facsimile: (818) 344-1546

Attorneys for Plaintiffs and Cross-Defendants, Pico Rivera Capital, LLC, a California Limited Liability Company, Pico Rivera Holdings LVT, LLC, a California Limited Liability Company, Pico Rivera Holdings Ph, LLC, a California Limited Liability Company, Pico Rivera Holdings H & K, LLC, a California Limited Liability Company, as Tenants In Common dba Pico Rivera Marketplace

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES- CENTRAL DISTRICT

| | |
|---|---|
| PICO RIVERA CAPITAL, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, PICO RIVERA HOLDINGS LVT, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, PICO RIVERA HOLDINGS PH, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, PICO RIVERA HOLDINGS H & K, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, AS TENANTS IN COMMON DBA PICO RIVERA MARKETPLACE,<br><br>     Plaintiffs,<br><br>     Vs.<br><br>LEOPOLDO LOPEZ, JR., LEOPOLDO LOPEZ, CARLOS LOPEZ III, DOES 1-25, INCLUSIVE,<br><br><br>     Defendants<br><br>AND RELATED CROSS-COMPLAINT | Case No.: 20STCV39727<br><br>(assigned for all purposes to the Honorable Lia Martin, Dept. 16)<br><br>**FIRST AMENDED COMPLAINT FOR: BREACH OF COMMERCIAL GUARANTY** |

Each allegation has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to California Code of Civil Procedure section 410.10.

**PARTIES**

2. Plaintiffs Pico Rivera Capital, LLC, a California Limited Liability Company, Pico Rivera Holdings LVT, LLC, a California Limited Liability Company, Pico Rivera Holdings PH, LLC, a California Limited Liability Company, Pico Rivera Holdings H & K, LLC, a California Limited Liability Company, as Tenants In Common dba Pico Rivera Marketplace (collectively "PICO") are various entities formed and operating in the State of California and owner of the commercial real property located at 8921 Washington Boulevard Pico Rivera, California 90660 (hereinafter referred to as the "Property").

3. Defendants Leopoldo Lopez, Jr., Leopoldo Lopez, Carlos Lopez III (collectively referred to herein as "LOPEZ") are individuals who, upon information and belief, are believed to residents of the County of San Diego, State of California.

4. PICO is ignorant of the true names and capacities of Defendants sued herein as DOES 1-25, inclusive, and therefore sues these defendants by such fictitious names. PICO will amend this complaint to allege their true names and capacities when ascertained. PICO is informed and believes and based thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that PICO's damages as herein alleged were proximately caused by those acts.

First Amended Complaint  –  2

5.   On or about June 30, 2018, PICO and Coast 2 Coast Foods, Inc. dba Bakers Bodega ("COAST") entered into a written lease agreement by which COAST agreed to lease the Property ("Lease").  Concurrent with execution of the Lease, LOPEZ executed a personal guaranty, guaranteeing COAST'S obligations under the Lease.  A true and correct copy of the Guaranty is attached hereto as Exhibit "1" and is hereinafter referred to as the "Guaranty."

6.   The pertinent terms of the Lease, defined as a net lease, included the following: (1) the lease term was for a period of five years and four months from the delivery of the Property (later determined to be January 1, 2019),  (2) initial base monthly rent totaled $15,000.00 which was to be increased as described in the Lease, and (3) COAST agreed to pay PICO other expenses including, but not limited, to a percentage of common area expenses.

7.   Paragraph 13.1 of the Lease provides, in pertinent part, that COAST would default and be in breach of the Lease if it vacated or abandoned the Property, failed to continuously operate at the Property or failed to make payments due under the Lease.

8.   On or about December 15, 2020, COAST abandoned the Property.  At the time COAST abandoned the Property, it was in arrears in its rental obligations to PICO.

9.   PICO has performed all conditions, covenants and promises required to be performed on its part in accordance with the terms and conditions of both the Lease and Guaranty.

10.   LOPEZ has failed and refused and continues to fail and refuse to pay money owed under the terms of the Guaranty.

11.   Pursuant to the terms of the Guaranty, PICO is entitled to its reasonable attorney fees and costs incurred herein in an amount according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PICO prays for judgment against Defendants, and each of them, as follows:

1.　For compensatory damages of no less than $1,000,000.00;

2.　For legally recoverable interest as recoverable by law;

3.　Attorney fees as recoverable by law and provided for in the Guaranty;

4.　For cost of suit herein incurred; and

5.　For such other and further relief the as the Court may deem proper.

Respectfully submitted,

Dated: January 10, 2022

**Law Offices of Barak Isaacs**

By: Barak Isaacs
Attorneys for Plaintiffs and Cross-Defendants, Pico Rivera Capital, LLC, a California Limited Liability Company, Pico Rivera Holdings LVT, LLC, a California Limited Liability Company, Pico Rivera Holdings Ph, LLC, a California Limited Liability Company, Pico Rivera Holdings H & K, LLC, a California Limited Liability Company, as Tenants in Common dba Pico Rivera Marketplace

# EXHIBIT 1

DocuSign Envelope ID: 6A40E723-0E34-46A2-ADCC-A26678EB31DC



**GUARANTY OF LEASE**

WHEREAS, PICO RIVERA CAPITAL, LLC, a California limited liability company, PICO RIVERA HOLDINGS INV, LLC, a California limited liability company, PICO RIVERA HOLDINGS II, LLC, a California limited liability company, and PICO RIVERA HOLDINGS III, LLC, a California limited liability company, as Tenants in common, dba PICO RIVERA MARKETPLACE, hereinafter "Lessor", and COAST 2 COAST FOODS, INC., a California corporation, hereinafter "Lessee", are about to execute a document entitled "Lease" dated May 15, 2018, concerning the premises commonly known as (street address, city, state, zip) 8921 Washington Boulevard, Pico Rivera, California 90606, wherein Lessor will lease the premises to Lessee, and

WHEREAS, Leonardo Lopez, Jr., Margarita Lopez III, and Carlos Lopez, hereinafter "Guarantors" have a financial interest in Lessee, and

WHEREAS, Lessor would not execute the Lease if Guarantors did not execute and deliver to Lessor this Guaranty of Lease.

NOW THEREFORE, in consideration of the execution of said Lease by Lessor and as a material inducement to Lessor to execute said Lease, Guarantors hereby jointly, severally, unconditionally and irrevocably guarantee the prompt payment by Lessee of all rents and all other sums payable by Lessee under said Lease and the faithful and prompt performance by Lessee of each and every one of the terms, conditions and covenants of said Lease to be kept and performed by Lessee.

It is specifically agreed by Lessor and Guarantors that: (i) the terms of the foregoing Lease may be modified by agreement between Lessor and Lessee, or by a course of conduct, and (ii) said Lease may be assigned by Lessor or any assignee of Lessor without the consent of or notice to Guarantors and that this Guaranty shall guarantee the performance of said Lease as so modified.

This Guaranty shall not be released, modified or affected by the failure or delay on the part of Lessor to enforce any of the rights or remedies of the Lessor under said Lease.

No notice of default by Lessee under the Lease need be given by Lessor to Guarantors, it being specifically agreed that the guarantee of the undersigned is a continuing guarantee under which Lessor may proceed immediately against Lessee and/or against Guarantors following any breach or default by Lessee or for the enforcement of any rights which Lessor may have as against Lessee under the terms of the Lease or at law or in equity.

Lessor shall have the right to proceed against Guarantors following any breach or default by Lessee under the Lease without first proceeding against Lessee and without previous notice to or demand upon either Lessee or Guarantors.

Guarantors hereby waive (a) notice of acceptance of this Guaranty, (b) demand of payment, presentation and protest, (c) all right to assert or plead any statute of limitations relating to this Guaranty, or the Lease, (d) any right to require the Lessor to proceed against the Lessee or any other Guarantor or any other person or entity liable to Lessor, (e) any right to require Lessor to apply to any default any security deposit or other security it may hold under the Lease, (f) any right to require Lessor to proceed under any other remedy Lessor may have before proceeding against Guarantors, (g) any right of subrogation that Guarantors may have against Lessee.

Guarantors do hereby subordinate all existing or future indebtedness of Lessee to Guarantors to the obligations owed to Lessor under the Lease and this Guaranty.

If a Guarantor is married, such Guarantor expressly agrees that recourse may be had against his or her separate property for all of the obligations hereunder.

The obligations of Lessee under the Lease to execute and deliver estoppel statements and financial statements, as therein provided, shall be deemed to also require the Guarantors to provide estoppel statements and financial statements to Lessor. The failure of the Guarantors to provide the same to Lessor shall constitute a default under the Lease.

The term "Lessor" refers to and means the Lessor named in the Lease and also Lessor's successors and assigns. So long as Lessor's interest in the Lease, the leased premises or the rents, issues and profits therefrom, are subject to any mortgage or deed of trust or assignment for security, no acquisition by Guarantors of the Lessor's interest shall affect the continuing obligation of Guarantors under this Guaranty which shall nevertheless continue in full force and effect for the benefit of the mortgagee, beneficiary, trustee or assignee under such mortgage, deed of trust or assignment and their successors and assigns.

The term "Lessee" refers to and means the Lessee named in the Lease and also Lessee's successors and assigns.

Any recovery by Lessor from any other guarantor or insurer shall first be credited to the portion of Lessee's indebtedness to Lessor which exceeds the maximum liability of Guarantors under this Guaranty.

No provision of this Guaranty or right of the Lessor can be waived, nor can the Guarantors be released from their obligations except in writing signed by the Lessor.

Any litigation concerning this Guaranty shall be initiated in a state court of competent jurisdiction in the county in which the leased premises are located and the Guarantors consent to the jurisdiction of such court. This Guaranty shall be governed by the laws of the State in which the leased premises are located and for the purposes of any rules regarding conflicts of law the parties shall be treated as if they were all residents or domiciles of such State.

In the event any action be brought by said Lessor against Guarantors hereunder to enforce the obligation of Guarantors hereunder, the unsuccessful party in such action shall pay to the prevailing party therein a reasonable attorney's fee. The attorney's fee award shall not be computed in accordance with any court fee schedule, but shall be such as to full reimburse all attorneys' fees reasonably incurred.

INITIALS

Page 1 of 2
Last Edited: 6/6/2018 2:22 PM

INITIALS

© 2017 AIR CRE. All Rights Reserved.

GR-3.20, Revised 03-30-2018

DocuSign Envelope ID: 6A40E723-0E34-46A2-ADCC-A26678EB31DC

If any Guarantor is a corporation, partnership, or limited liability company, each individual executing this Guaranty on said entity's behalf represents and warrants that he or she is duly authorized to execute this Guaranty on behalf of such entity.

If this Form has been filled in, it has been prepared for submission to your attorney for his approval. No representation or recommendation is made BY AIR CRE, the real estate broker or its agents or employees as to the legal sufficiency, legal effect, or tax consequences of this Form or the transaction relating thereto.

GUARANTORS

Leopoldo Lopez, Jr., Leopoldo Lopez III, and Carlos Lopez

Executed At: San Diego CA
On: 6/30/2018

By: _____
Name Printed: Leopoldo Lopez, Jr.
Title: _____
Address: 3385 Vista Ln.
    San Ysidro, CA. 92173

By: _____
Name Printed: Carlos Lopez
Title: 1946 Corte Amalia
Address: San Ysidro, CA 92173

By: _____
Name Printed: Leopoldo Lopez III
Title: _____
Address: 978 Corte Amalia
    San Ysidro CA 92173

AIR CRE. 500 North Brand Blvd, Suite 900, Glendale, CA 91203, Tel 213-687-8777, Email contracts@aircre.com
NOTICE: No part of these works may be reproduced in any form without permission in writing.

INITIALS
© 2017 AIR CRE. All Rights Reserved.

INITIALS
GR-3.20, Revised 03-30-2018

## **PROOF OF SERVICE**

I am a citizen of the United States and employed in the County of Los Angeles. I am over the age of eighteen years and not a party to the within entitled lawsuit. My business address is 30423 Canwood Street #118 Agoura Hills, California 91301.

On January 10, 2022, I electronically served the foregoing document(s):

**FIRST AMENDED COMPLAINT FOR: BREACH OF COMMERCIAL GUARANTY to:**

Marc S. Bragg, Esq.

_____x_____    By electronic mail to the following address: braggoffices@gmail.com

Under C.C.P. section 1016.6, I caused the aforementioned document(s) to be sent to the person or persons at the e-mail address indicate above during normal business hours. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed January 10, 2022.

_____
Barak Isaacs