CSD 1001A [07/01/18]

Name, Address, Telephone No. & I.D. No.

Marc S. Bragg, Esq., SBN 187859
415 Laurel St., PMB 214
San Diego, CA 92101
Tel: (858)585-6909
braggoffices@gmail.com

*Order Entered on July 12, 2022 by Clerk U.S. Bankruptcy Court Southern District of California*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

CARLOS LOPEZ

Debtor.

BANKRUPTCY NO. 22-00357-MM13

Date of Hearing: June 21, 2022
Time of Hearing: 2:00PM
Name of Judge: Hon. Margaret M. Mann

# ORDER ON

## DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT PURSUANT TO FRBP RULE 9019

The court orders as set forth on the continuation pages attached and numbered __2__ through __2__ with exhibits, if any, for a total of __18__ pages. Motion/Application Docket Entry No. __49__.

//
//
//
//
//
//
//

DATED: July 11, 2022

_____
Judge, United States Bankruptcy Court

CSD 1001A

**CSD 1001A** [07/01/18]**(Page 2)**
ORDER ON DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT PURSUANT TO FRBP RULE
DEBTOR: CARLOS LOPEZ　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NO: 22-00357-MM13

---

The Court having reviewed and considered Debtor's Motion for Approval of Settlement Pursuant to FRBP 9019 with points and authorities and declaration in support filed on May 12, 2022 as Docket Entry 49, Notice Thereof (Docket Entry 48), the contents of the Settlement Agreement attached to this Order as "Exhibit A" and no opposition having been filed or presented when the matter came for hearing on June 21, 2022 at 2:00pm, the Court rules as follows:

1) Debtor's Motion for Approval of Settlement Agreement Pursuant to FRBP 9019 is granted;

2) The terms of the Settlement Agreement do not present an impairment to the bankruptcy estate;

3) Debtor's authority to execute the Settlement Agreement attached to this Order as "Exhibit A" is approved; and

4) Guideline fees to Debtor's attorney of record pursuant to the rights and responsibilities agreement on file as Docket Entry 13 are approved in the amount of $595.00 and are to be paid through Debtor's plan, subject to fees on hand.


IT IS SO ORDERED.

CSD 1001A

Signed by Judge Margaret M. Mann July 11, 2022

# EXHIBIT - A

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS AGREEMENT ("Agreement") is made as of April 25, 2022 by and between Pico Rivera Capital, LLC, a California Limited Liability Company, Pico Rivera Holdings LVT, LLC, a California Limited Liability Company, Pico Rivera Holdings Ph, LLC, a California Limited Liability Company, Pico Rivera Holdings H & K, LLC, a California Limited Liability Company, as Tenants in Common dba Pico Rivera Marketplace (collectively "PICO"), Madison Wraith, LLC ("MADISON"), Optimus Properties, LLC ("OP"), Optimus Property Management, LLC ("OPM") and K. Joseph Shabani ("SHABANI") on the one hand and Coast 2 Coast Foods, Inc. a California Corporation dba Bakers Bodega ("COAST") Leopoldo Lopez, Jr., Leopoldo Lopez III (the "GUARANTORS") and Carlos Lopez ("LOPEZ") on the other.

As used herein, PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ are collectively referred to herein as the "Parties" or individually, as a "Party."

The Agreement is entered into with reference to the following facts:

A.  PICO, as Landlords, and COAST were parties to a written lease agreement dated May 23, 2018 ("Lease") for the commercial real property located at 8921 Washington Boulevard Pico Rivera, California 90660 ("Property"). COAST's obligations under the lease agreement were guaranteed by the GUARANTORS and LOPEZ pursuant to a written Guaranty dated June 6, 2018 ("Guaranty"). COAST vacated the Property and closed its business and returned the keys to PICO's agent prior to the date the lease expired. PICO objected to COAST vacating and abandoning the Property.

B.  On October 16, 2020, PICO filed a lawsuit against GUARANTORS and LOPEZ alleging breach of contract (breach of commercial guaranty) on the Guaranty. The lawsuit is assigned Los Angeles Superior Court case number 20STCV39727 and is referred to herein as the "Litigation."

C.  On December 21, 2020, GUARANTORS and LOPEZ filed a cross-complaint in the Litigation (later amended) naming PICO, MADISON, OP, OPM, SHABANI as Cross-Defendants alleging various claims.

D.  On April 26, 2021, COAST'S motion to intervene in the Litigation was granted and a complaint in intervention was filed by COAST against PICO, MADISON, OP, OPM and SHABANI on May 3, 2021.

E.  On May 28, 2021, COAST filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code and assigned case number of 21-02210-7. Leonard J. Ackerman is the duly appointed and permanent chapter 7 trustee and is hereinafter referred to as the "Bankruptcy Trustee."

F.  On September 20, 2021, the United States Bankruptcy Court granted PICO'S motion for relief from stay as to GUARANTORS and LOPEZ for the reasons set forth in the Order For Relief from Automatic Stay dated September 20, 2021.

G.  On November, 29, 2021, PICO filed its Proof of Claim No. 2 in the COAST bankruptcy proceedings under case number 21-022100-7-CL seeking damages pursuant to the Lease.

H.  On January 10, 2022, PICO'S motion for leave to amend expanding its claims against GUARANTORS and LOPEZ in the Litigation was granted and a first amended complaint was filed on January 14, 2022.

I.  On February 3, 2022, GUARANTORS and LOPEZ demurred to PICO's amended complaint contending, among other things, that the State Court lacked jurisdiction over PICO's claims as a result of PICO filing its Proof of Claim No. 2 in the Coast bankruptcy proceedings, a contention which PICO disputes. Said Demurrer has yet to be fully briefed, argued and heard.

J.  On several occasions prior to execution of this Agreement, Shabani asserted he would sue all Guarantors and their attorneys for malicious prosecution claims in connection with naming him as a party in the Litigation.

K.  On February 15, 2022, LOPEZ filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code and assigned case number of 22-00357-13. No proof of claim has been filed by PICO in said proceeding.

L.  This Settlement Agreement and Release affects the compromise and settlement of all claims between the parties, and all of which claims are denied and contested, and nothing contained herein shall be construed as an admission by the Parties of liability, all such liability being expressly denied.

NOW, THEREFORE, for valuable consideration, the Parties, in the interest of buying their peace and in order to resolve all matters concerning the Litigation and the Proof of Claim No. 2 in the Coast Bankruptcy Proceeding, hereby agree as follows:

1.  Incorporation of Recitals:

The Recitals set forth hereinabove are incorporated herein by their references as though set forth hereat.

2.  Settlement Payment/Dismissal and Additional Executory Conditions:

A.  The Parties shall execute and exchange copies of this Agreement, however, same shall be held in trust pending complete satisfaction of all conditions precedent to its implementation;

B.  Upon the Parties execution of this Agreement, the respective counsel for all Parties named in the Litigation shall agree to continue the pending notices of deposition for no less than thirty (30) days.

C.  The Parties' counsel shall prepare and jointly execute a request for dismissal upon execution of this Agreement with prejudice of the entire Litigation in the State Court as to all parties on all claims, complaints, amended complaint, cross-complaints, amended cross-complaints, and complaints in intervention as amended to be signed, held by Coast counsel Marc Bragg and not filed, pending full compliance with the conditions set forth in Paragraph 2(D)(i)-(iii). Upon receipt of the executed request for dismissal with prejudice, COAST's counsel shall deliver a copy of the fully executed dismissal to the Bankruptcy Trustee.

D.  GUARANTORS agree to and shall pay PICO the total sum of $300,000.00 less credit for a security deposit of $41,340.00 currently held by PICO pursuant to the Lease between the Parties. The net sum of Two Hundred Fifty-Eight Thousand Six Hundred Sixty Dollars ($258,660.00) (the "Net Settlement Sum") shall be wired to the attorney client trust account of PICO's counsel Barak Isaacs, Esq within five (5) business days after approval by entry of a final order in the Bankruptcy Court, or as a matter of law pursuant to applicable rules of Bankruptcy Procedure, or those of the Southern District of California of a "Notice of Abandonment" pursuant to 11 U.S.C. §554(a) and B.R. 6007(a) to be filed and served by the Bankruptcy Trustee, as to the following assets, claims or interests in the COAST bankruptcy proceeding:

  i.  The Security Deposit currently held by PICO pursuant to the Lease between PICO and COAST;

  ii. Any right, title, claim or interest in the cross-complaint in the Litigation (later amended) naming PICO, MADISON, OP, OPM, SHABANI as Cross-Defendants alleging various claims;

  iii. Any further claims against the GUARANTORS and LOPEZ.

Counsel for GUARANTORS will warrant that the Net Settlement Sum has been deposited with their counsel upon all Parties' execution of this Agreement, and GUARANTORS' counsel warrant that the Net Settlement Sum has been received and shall be held in trust on the date received into the attorney trust account for disbursement as set forth in this Agreement.

E.  LOPEZ shall file and the bankruptcy court shall approve a Motion pursuant to Bankruptcy Rule 9019 approving this Agreement. LOPEZ, through his counsel, shall file the motion within ten (10) days of execution of this Agreement and obtain the first available date for the hearing on said motion. Counsel for LOPEZ shall withdraw the pending motion to CAP liability on the Guaranty immediately after the

Court approves the Rule 9019 Motion and shall include notice of intent of that withdrawal in the Motion.

F. Conditioned upon compliance with all executory conditions to this Agreement's implementation, COAST'S counsel Marc Bragg shall then file the dismissal with prejudice of the entire Litigation in the Superior Court, but then, only upon PICO's counsel's confirmation by electronic mail that the Net Settlement Sum has also been received and credited to the attorney client trust account of Barak Isaacs, Esq.

G. Subject to compliance with the conditions set forth in Paragraph 2(D), then upon PICO's receipt of the Net Settlement Sum, PICO shall file a withdrawal of its Proof of Claim filed in the COAST bankruptcy case.

3. PICO's Retention of Security Deposit

PICO shall be entitled to retain in full, without credit or offset except as limited in section 2(D) and subject to compliance with Paragraph 2(C) above as an offset to the total settlement amount of $300,000.00 due from GUARANTORS, the entirety of COAST'S security deposit of Forty-One Thousand Three Hundred Forty Dollars ($41,340.00). The Parties acknowledge that pursuant to paragraph 5 of the Lease for the Property, the Lessor, as defined in the Lease, has a present, perfected security interest in the Security Deposit for purpose of this Settlement Agreement.

4. Agreement to Forego Objection to PICO claim:

COAST, the GUARANTORS AND LOPEZ all jointly and severally agree that they will not file an objection to the PICO proof of claim in the COAST bankruptcy proceeding, acknowledging that the withdrawal of said claim is a condition to this Agreement, Said Claim will be withdrawn upon all parties' execution and exchange of this Agreement, and the withdrawal is a condition precedent to GUARANTORS' obligation to make the payments described in 1.D. above as is the bankruptcy trustee's abandonment of assets as described also in Paragraph 2(D).

5. Letter of Apology

Concurrently with the execution of this Agreement by all Parties, Marc S. Bragg, Esq., GUARANTORS and LOPEZ shall prepare and each sign a Letter of Apology (to be delivered to PICO's counsel) containing the following language:

"This letter shall serve to confirm that Marc. S. Bragg, Esq., Leopoldo Lopez, Jr., Leopoldo Lopez and Carlos Lopez III hereby apologize to Mr. K. Joseph Shabani for erroneously naming him in the matter captioned PICO Rivera Capital, LLC, a California Limited Liability Company et al v. Leopoldo Lopez, Jr. case number 20STCV39727. The matter was primarily a Landlord\Tenant dispute and should have never included Mr. Shabani. All current and potential future claims of all kinds including those for malicious prosecution that Mr. Shabani stated he would pursue in the future, have been resolved to

his satisfaction and he has knowingly and voluntarily waived all such claims upon his execution of the Settlement Agreement" and performance in full by all Parties hereto, as well as the satisfaction of all conditions precedent to its implementation.

The original signed Letter of Apology shall be held by Marc S. Bragg, Esq., and delivered to Barak Isaacs, Esq., via overnight mail upon the satisfaction of all conditions set forth in this Settlement Agreement. The Parties agree that the Letter of Apology is expressly excluded from the confidentiality provisions set forth in paragraph 14 herein. The Parties agree that the Letter of Apology shall not be used in connection with any administrative, governmental, or legal proceeding of any kind nor shall it be offered as evidence or an admission of any kind by any party in any administrative, governmental, or legal proceeding. Its sole purpose is to buy the parties' peace in this Settlement, avoid further litigation and appeals related to any orders in the Litigation, and more specifically, to affirm to Mr. Shabani that no parties in the Litigation intentionally or negligently intended him any harm or injury. LOPEZ, for good and valuable consideration, receipt of which is expressly acknowledged, agrees and acknowledges that by his execution of said Letter it shall in no way be deemed by him to be a violation by PICO of 11 U.S.C. 362(a) (1) etc. seq., shall not move for an order for violation of the automatic stay in connection with the Apology Letter, and is a purely voluntary act on LOPEZ part. Further, LOPEZ warrants that he has been advised of the express right to seek counsel with respect to this provision and agrees to same without reservation for purposes of and pursuant to the terms of this Settlement Agreement.

6.   Attorney Fees:

Subject to paragraph 17 herein, the Parties hereto agree to bear their own attorney fees and costs associated hereto, and hereby waive any statute, rule of court, law, or contract provision or order awarding costs, fees, expenses or disbursements in connection with the Litigation and the Bankruptcy proceedings.

7.   Revivor of Claim/Future Bankruptcy Proceedings:

A.   The provisions of this Agreement notwithstanding, in the event GUARANTORS become debtors as that term is defined in 11 U.S.C. §101(13) pursuant to an action initiated under 11 U.S.C. §301 or 303 of Title 11 of U.S. Code within 90 days (or one year should either GUARANTORS be determined to be an insider of Coast 2 Coast, Inc. as that term is defined at 11 U.S.C. §101(31)) from the date of the honoring of any payment provided for hereunder), and further, if PICO is thereafter timely named as a defendant in any action brought under 11 U.S.C. § 547, et al., and is required to turn over the payment(s) made pursuant to this AGREEMENT, then the entire claim of PICO as set forth in the First Amended Complaint referenced above shall be revived for purposes of participation, if applicable, in the insolvency proceedings of said GUARANTORS less credit for any and all amounts retained by Creditor / PICO notwithstanding said insolvency proceedings.

B.   The provisions of this Agreement notwithstanding, in the event either of the GUARANTORS become a debtor as that term is defined in 11 U.S.C. §101(13) pursuant to an action initiated under 11 U.S.C. §301 or 303 of Title 11 of U.S. Code, and further, if PICO is thereafter timely named as a defendant in any action brought under, but not limited to 11 U.S.C. §544, et al., of Title 11 of U.S. Code and is thereafter required to turn over any payment(s) made pursuant to this Agreement, then the entire claim of PICO shall be revived for purposes of participation, if applicable, in the insolvency proceedings referenced hereinabove less credit for any and all amounts retained by Creditor notwithstanding said insolvency proceedings

C.   Nothing contained within this Agreement should be construed as limiting in any way, PICO's right to pursue relief under any other provision of the bankruptcy code including, but not limited to 11 U.S.C. §§523 (a)(2), (4) or (6) or 11 U.S.C. §727, which provisions and the effect thereof, GUARANTORS acknowledge and adopt as applicable without reservation as an exclusion from any release provisions herein in the event of a bankruptcy filing by any GUARANTOR other than LOPEZ in which PICO is named as a creditor. .

8.   <u>Revivor of Claim Re: Void and Voidable Transfers and Undertakings:</u>

The provisions of this Agreement notwithstanding, including, but not limited to, the dismissal of the entire Litigation with prejudice, in the event PICO, MADISON, OP, OPM or SHABANI are named as a defendant in an action brought to recover a fraudulent conveyance of any payment made pursuant to this Agreement, as that term is defined in California *Civil Code* Section 3439, et. al, and if PICO is thereafter required to turn over the payment[s] made pursuant to this Agreement to any plaintiff in said action[s], then the entire claim of PICO as agreed to herein shall be revived, however, then and only to the extent of the payment actually made by PICO pursuant to said action, together with any other amounts which might remain due under this Agreement.

9.   <u>Miscellaneous Additional Provision for Revivor of Claim:</u>

The provisions of this Agreement notwithstanding, including, but not limited to, the dismissal of the entire Litigation with prejudice, in the event PICO, MADISON, OP, OPM or SHABANI are named as a defendant in an action brought to recover any payment made under this Agreement under California *Code of Civil Procedure* Sections 493.010-493.060 and if PICO is thereafter required to turn over the payment[s] made pursuant to this Agreement to any plaintiff in said action[s], then the entire claim of PICO as agreed to herein shall be revived, however, then and only to the extent of the payment actually made by Creditor pursuant to said action, together with any other amounts which might remain due under this Agreement.

10. <u>General Release</u>:

Subject to the rights, obligations and other executory provisions arising out of or required by this Release, and in consideration of this Agreement, PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ hereby generally relieve, release, and forever discharge each other and each of their respective present and former agents, shareholders, partners, agents, employees, officers, directors, partners, associates, principals, representatives, attorneys, affiliated and subsidiary companies and entities, and any of their predecessors or successors, and all persons acting by, through, under, or in concert with, any of them from any and all claims, debts, liabilities, demands, judgments, accounts, obligations, promises, acts, releases, costs, expenses (including but not limited to attorneys' fees), damages, actions and causes of action of any kind or nature, including but not limited to personal injury, of any type or kind, both as to themselves and their children, whether known or unknown, suspected or unsuspected ("Claims") based on, arising out of, relating to or in connection with anything whatsoever done, omitted or suffered to be done at any time in connection with the Litigation, the Lease, the tenancy, occupancy, and/or abandonment of the Property, and the Guaranty.

11. <u>Full Waiver Under California Civil Code Section 1542</u>:

Subject to full compliance with all conditions, rights and obligations arising out of this Agreement, and in consideration of this Agreement and other good and valuation consideration as specified hereinabove PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ understand, agree and do hereby waive any and all rights it/they may have under <u>California Civil Code</u> Section 1542. PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ ACKNOWLEDGE THAT THEY HAVE BEEN ADVISED BY LEGAL COUNSEL AND ARE FAMILIAR WITH THE PROVISIONS OF <u>CALIFORNIA CIVIL CODE</u> SECTION 1542 INCLUDING ANY CLAIMS WHICH MIGHT HAVE OTHEWISE ARISEN OUT OF OR WERE RELIED UPON ON THE LETTER OF APOLOGY OR STATEMENTS MADE THEREIN, WHICH PROVIDES AS FOLLOWS:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ EXPRESSLY WAIVE AND RELINQUISH ANY AND ALL RIGHTS OR BENEFITS THEY MAY HAVE UNDER, OR WHICH MAY BE CONFERRED UPON THEM BY, THE PROVISIONS OF <u>CALIFORNIA CIVIL CODE</u> SECTION 1542 TO THE FULLEST EXTENT THAT THEY MAY LAWFULLY WAIVE SUCH RIGHTS OR BENEFITS PERTAINING TO THE SUBJECT MATTER OF THIS RELEASE. In connection with this waiver and relinquishment, PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ hereto acknowledge that they/it

Signed by Judge Margaret M. Mann July 11, 2022

are aware that they may subsequently discover claims presently unknown or unsuspected, may have claims that have not yet been asserted in any legal or quasi-legal proceeding, or facts in addition to or different from those which they now know or believe to be true, with respect to the matters released herein as same relate to the Litigation Nevertheless, it is their intention, and they do in fact, through this Agreement and Release, fully, and forever settle and release all such matters, and all claims relative thereto, known or unknown, suspected or unsuspected, which do now exist, as to the released matters.

12. <u>Execution of Additional Documents</u>:

PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ hereby covenant and agree forthwith to execute and/or forthwith deliver such additional documents and do all such acts or things as may be reasonably necessary or requisite to carry out the full intent and meaning of this Agreement.

13. <u>Representations and Warranties</u>:

PICO, MADISON, OP, OPM, SHABANI, COAST, GUARANTORS, and LOPEZ represent and warrant as follows:

   (a) They have carefully read and reviewed this Agreement and understand it fully;
   (b) They have each received independent legal advice about the advisability of making this Agreement;
   (c) This Agreement is the result of arms' length negotiation between the Parties;
   (d) They/It have made such investigation of the facts relating to this Agreement, and of all matters pertaining thereto, as they deem necessary. In making this Agreement, the Parties assume the risk of any misrepresentation, concealment, or mistake. If the Parties later discover that any fact relied upon in making this Agreement was untrue, or that any fact was concealed, or that any of their understandings of any fact or of the law were incorrect, the Parties shall not be entitled to set aside this Agreement by reason thereof. This Agreement is intended to be final and binding regardless of any claims of misrepresentation, or promise made without the intention of performing it, concealment of fact, mistake of fact or law, or any other circumstance; and
   (e) This Agreement may be executed in counterparts and signatures by facsimile/electronic mail shall have the same force and effect as if original.

14. Confidentiality:

PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ hereby state, represent, warrant and agree that the terms and conditions of this Agreement and each and every document and communication regarding this Agreement, including, but not limited to, the fact of and the amount of the payment required herein, are strictly confidential. PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ agree that they will neither seek nor promote publicly nor cooperate in any efforts to promote or publicize any of the terms or conditions of this Agreement, including, but not limited to, the fact of and the amount of the payment herein.

Notwithstanding the foregoing, PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ may communicate the terms of this Agreement if compelled by subpoena or as otherwise required by law. PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ may also communicate the terms of this Agreement to legal counsel, tax advisors, accountants, and structured settlement officers, to the extent necessary for the discharge of their duties, provided that the PICO, MADISON, OP, OPM, SHABANI, COAST, the GUARANTORS, and LOPEZ first advise them of the confidentiality of this Agreement and secure their agreement not to communicate, discuss, disclose, disseminate or publish the terms and conditions of this Agreement. Communication of this Agreement to the chapter 7 trustee in the Coast bankruptcy or the Chapter 13 trustee in the LOPEZ bankruptcy shall not constitute a violation of this Agreement.

15. Non-Disparagement:

The Parties agree that they will not make any statements to a third party that in any manner reflects negatively on the other party, or its respective officers, directors, members, managers or employees, or in any manner derogates the reputation of the other party, or its respective officers, directors, members, managers or employees.

16. Restriction on Use of Agreement in Litigation:

This Agreement may not be used in evidence in any proceedings of any kind, except in an action alleging a breach of this Agreement. The parties expressly agree to waive the provisions of California Evidence Code 1152 solely to the extent necessary to render this Agreement admissible in a proceeding to enforce the provisions hereof.

17. Court's Retention of Jurisdiction:

The Agreement is subject to California Code of Civil Procedure section 664.6. In the event any action or other proceeding against another party for the enforcement of, or seek a declaration as to, any provision of this Agreement is brought, the prevailing party in said action or proceeding shall be entitled to an award of reasonable attorneys' fees and costs.

18. <u>Integration</u>:

This Agreement constitutes a single integrated written Agreement expressing the entire Agreement relative to the subject matter hereof. All prior discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement.

19. <u>Joint Negotiation</u>:

This Agreement has been jointly negotiated. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any party, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or such party's attorneys.

20. <u>Severability</u>:

The Parties hereto covenant and agree that in the event that any provision of this Agreement should be held by a court of competent jurisdiction to be void, voidable, illegal or unenforceable in any respect, the remaining portions thereof and provisions hereof shall nevertheless remain in full force and effect as if such void, voidable or unenforceable provision had never been contained herein.

21. <u>Governing Law</u>:

This Agreement shall be construed in accordance with, and governed by, the laws of the State of California except to the extent otherwise superseded by the provisions of chapter 7 of Title 11 of U.S. Code.

IN WITNESS THEREOF, THE PARTIES HAVE EACH APPROVED, AND EXECUTED THIS RELEASE effective as of the date set forth hereinabove.

Dated: 5/6/2022

    *K. Joseph Shabani*
Pico Rivera Capital, LLC, a California Limited Liability Company
By:
Its:

Dated: 5/6/2022

    *K. Joseph Shabani*
Pico Rivera Holdings LVT, LLC, a California Limited Liability Company
By:
Its:

Dated: 5/6/2022

*DocuSigned by:*
*K. Joseph Shabani*
PICO Rivera Holdings Ph, LLC, a
California Limited Liability Company
By:
Its:

Dated: 5/6/2022

*DocuSigned by:*
*K. Joseph Shabani*
PICO Rivera Holdings H & K, LLC, a
California Limited Liability Company
By:
Its:

Dated: 5/6/2022

*DocuSigned by:*
*K. Joseph Shabani*
Madison Wraith, LLC
By:
Its:

Dated: 5/6/2022

*DocuSigned by:*
*K. Joseph Shabani*
Optimus Properties, LLC
By:
Its:

Dated: 5/6/2022

*DocuSigned by:*
*K. Joseph Shabani*
Optimus Property Management, LLC
By:
Its:

Dated: 5/6/2022

*DocuSigned by:*
*K. Joseph Shabani*
K. Joseph Shabani

Dated: _____

_____
Coast 2 Coast Foods, Inc. a California
Corporation dba Bakers Bodega
By:
Its:

11

Dated: _____

                                                  _____
PICO Rivera Holdings Ph, LLC, a
California Limited Liability Company
By:
Its:

Dated: _____

                                                  _____
PICO Rivera Holdings H & K, LLC, a
California Limited Liability Company
By:
Its:

Dated: _____

                                                  _____
Madison Wraith, LLC
By:
Its:

Dated: _____

                                                  _____
Optimus Properties, LLC
By:
Its:

Dated: _____

                                                  _____
Optimus Property Management, LLC
By:
Its:

Dated: _____

                                                  _____
K. Joseph Shabani

Dated: 05-09-22

                                                  */s/ Leopoldo Lopez III*
Coast 2 Coast Foods, Inc. a California
Corporation dba Bakers Bodega
By: Leopoldo Lopez, III
Its: President

Dated: _____

                              Coast 2 Coast Foods, Inc. a California
                              Corporation dba Bakers Bodega
                              By: Deepalie Millie Joshi
                              Its: Attorney

Dated: 05.09.22

                              Leopoldo Lopez, Jr.

Dated: 5-9-2

                              Leopoldo Lopez, III

Dated: 5/9/22

                              Carlos Lopez

APPROVED OF AS TO FORM:

_____
Barak Isaacs, Esq.
Attorney for PICO, MADISON, OP, OPM and SHABANI

_____
Marc S. Bragg, Esq.
Attorney for COAST, GUARANTORS and LOPEZ

_____
Deepalie Millie Joshi, Esq.
Attorney for COAST

12

Dated: _____

          Coast 2 Coast Foods, Inc. a California
          Corporation dba Bakers Bodega
          By: Deepalie Millie Joshi
          Its: Attorney

Dated: _____

          Leopoldo Lopez, Jr.

Dated: _____

          Leopoldo Lopez, III

Dated: _____

          Carlos Lopez

APPROVED OF AS TO FORM:

_____
Barak Isaacs, Esq.
Attorney for PICO, MADISON, OP, OPM and SHABANI

_____
Marc S. Bragg, Esq.
Attorney for COAST, GUARANTORS and LOPEZ

_____
Deepalie Millie Joshi, Esq.
Attorney for COAST

Dated: May 9, 2022

*[signature: Deepalie Milie Joshi]*

Coast 2 Coast Foods, Inc. a California
Corporation dba Bakers Bodega
By: Deepalie Milie Joshi
Its: Attorney

Dated: _____

_____
Leopoldo Lopez, Jr.

Dated: _____

_____
Leopoldo Lopez, III

Dated: _____

_____
Carlos Lopez

APPROVED OF AS TO FORM:

_____
Barak Isaacs, Esq.
Attorney for PICO, MADISON, OP, OPM and SHABANI

/s/Marc S. Bragg
Marc S. Bragg, Esq.
Attorney for COAST, GUARANTORS and LOPEZ

*[signature: Deepalie Milie Joshi]*

Deepalie Milie Joshi, Esq.
Attorney for COAST